UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WILLIAM TEASDALE and TIMOTHY MASSEY, M.D., Washington residents,

Plaintiffs,

v.

AIG DOMESTIC CLAIMS, INC.; LEXINGTON INSURANCE COMPANY; CHRIS NEAL, a Washington resident; and UNKNOWN JOHN DOES,

Defendants.

CASE NO. C09-727RSM

ORDER GRANTING MOTION FOR REMAND

This matter is now before the Court for consideration of plaintiffs' motion for remand. Dkt. # 5. Although defendants have opposed the motion, the Court finds, for the reasons set forth below, that remand is appropriate, and grants plaintiffs' motion.

Plaintiffs filed this action in King County Superior Court, alleging causes of action for negligence, breach of contract, breach of the duty of good faith, breach of fiduciary duty, breach of Washington Insurance Fair Conduct Act, and breach of the Washington Consumer Protection Act, RCW 19.86 *et seq*. Complaint, Dkt. # 1-2. This case arises, as will be explained more fully below, from a medical malpractice claim by plaintiff Teasdale against his surgeon plaintiff Massey, and the resulting state court lawsuit. The named defendants are plaintiff Massey's malpractice insurance carrier (Lexington Insurance Company, or "Lexington") and claims handler (AIG Domestic Claims, Inc., or

ORDER GRANTING MOTION FOR REMAND - 1

"AIG"), together with the attorney who represented the insurance company in the underlying lawsuit, Mr. Neal.

The complaint alleges that Mr. Neal is a Washington resident, and defendants do not dispute that allegation. Nevertheless, they have removed the case to this Court pursuant to 28 U.S.C. §§ 1331, 1332, and 1441, asserting that "diversity jurisdiction exists because the citizenship of all properly joined defendants is diverse. . . ." Notice of Removal, Dkt. # 1, p. 3. Despite invoking § 1331 as a basis for jurisdiction, defendants have not pointed to any federal question in the complaint, nor can the Court ascertain any. The focus of defendants' arguments in both the Notice of Removal and their opposition to plaintiffs' motion for remand is diversity jurisdiction; defendants contend that Mr. Neal was fraudulently joined as a defendant in order to defeat federal jurisdiction. Plaintiffs have demonstrated otherwise.

Joinder of a resident defendant may be found to be fraudulent "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state. . . ." *McCabe v. General Foods Corp.*, 811 F. 2d 1336, 1339 (9th Cir. 1987). Defendants contend that the claims asserted by plaintiffs against Mr. Neal are not legally viable because Mr. Neal was acting at all times as an agent for the defendant insurers, and that Dr. Massey, as a non-client of Mr. Neal, cannot state any claims against him for his acts taken in the course of his representation of the insurers.

The claims asserted against Mr. Neal are based on the following facts recited in the complaint. Plaintiff Teasdale sought treatment from Dr. Massey, an orthopedic surgeon, for a back injury. Following the surgery, Mr. Teasdale was left with permanent disability which prevented him from returning to his former occupation. Mr. Teasdale filed suit against Dr. Massey in September, 2005, alleging negligence under the Washington Health Care Act, RCW 7.70 *et seq,* and other causes of action. Dr. Massey turned the claim over to his insurer, Lexington and its claims handler, AIG. The insurers hired the law firm of Reed McClure to defend the lawsuit against Dr. Massey. Complaint, ¶¶ 4.1 - 4.3.

ORDER GRANTING MOTION FOR
REMAND - 2

In April, 2007, Mr. Teasdale, through counsel, made demand for the policy limits of $1 million. At that time, the defendant insurers had received several negative reviews from local expert witnesses indicating that Dr. Massey had violated the standard of care in treating Mr. Teasdale. Dr. Massey signed a consent to settle for the policy limites and sent it to defendants' counsel in May, 2007. Neither AIG nor Lexington responded to the settlement offer until June, 2007, when they rejected the offer stating they had "insufficient information to enable Lexington to fully evaluate Mr. Teasdale's claims." Complaint, ¶¶ 4.5 - 4.11.

By letter dated July 12, 2007, insurance defense counsel advised AIG, Lexington, and Dr. Massey of five negative reviews by orthopedic surgeons, all critical of Dr. Massey's medical care of Mr. Teasdale. The letter stated that the chance of a defense verdict was "nearly zero." In October, 2007, Dr. Massey hired private counsel Stephen Henley to push for settlement. On October 16, 2007, Mr. Henley wrote a private letter to AIG and Lexington detailing the adverse opinions of the orthopedic experts and Mr. Teasdale's other treating doctors, detailing the potential liability and damages exposure, and urging the insurer to "please settle this case immediately." Complaint, ¶¶ 4.15 - 4.16. The following day, AIG and Lexington offered to settle with Mr. Teasdale for the policy limits, with a confidentiality provision. Mr. Teasdale rejected the terms of the settlement offer. Thereafter, Mr. Teasdale and Dr. Massey went to court-ordered mediation and agreed to submit all remaining issues to private arbitration. Complaint, ¶¶4.16 - 4.18.

On April 24, 2008, having at some time prior to that date hired outside counsel Mr. Neal, Lexington moved to intervene in the civil suit to stay the arbitration proceedings. The motion filed in court by Mr. Neal disclosed, without authorization, the entire contents of Steven Henley's October 16, 2007 letter, with its damaging opinions regarding Dr. Massey's liability exposure. As plaintiffs allege, "AIG, Lexington and Neal purposefully provided an unredacted copy of the private communication from its insured [to] the Court as a public document." Complaint, ¶ 4.21. Dr. Massey requested that they withdraw the document, but defendants refused to do so. *Id*. Dr. Massey objected to the use of the letter in the arbitration proceedings, but the arbitrator "ruled it was admissible and would be considered

ORDER GRANTING MOTION FOR
REMAND - 3

due to the defendants' deliberate conduct in publically disclosing the documents and contents, then refusing to take any steps to withdraw, protect or restrict its use." Complaint, ¶ 4.22. The arbitration resulted in an award of approximately $8.6 million to Mr. Teasdale. Complaint, ¶ 4.24.

Plaintiffs further allege that defendants then refused to negotiate or discuss any offers of compromise to reduce the award. Instead, they sought again to intervene in the civil proceedings. During this time, Mr. Neal filed a declaration disclosing another highly prejudicial document, a letter written by Mr. Henley in confidence to Lexington and AIG. In this letter, wherein Mr. Henley again urged defendants to do all they reasonably could to settle the case for the policy limits, he stated his private opinion that the jury value of the case could "ultimately range up to $10 million." Complaint, ¶ 4.29. The arbitration award was subsequently confirmed by the court. Complaint, ¶ 4.32.

The allegations directed specifically against Mr. Neal in the complaint are negligence, breach of good faith, breach of fiduciary or quasi-fiduciary duty, and breach of the Consumer Protection Act. Defendants' fraudulent joinder argument is based on the assertion that the complaint describes Mr. Neal as acting as an agent of AIG and Lexington. Complaint. ¶ 1.5. However, nowhere have defendants demonstrated that under settled Washington law, there is no possibility that Mr. Neal can be held personally liable, under one or more of the theories alleged by plaintiffs, for his conduct in filing the confidential letters as a public document in a court case. *McCabe v. General Foods Corp.*, 811 F. 2d at 1339.

There is a strong presumption against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F. 2d 564, 566 (9th Cir. 1992). The defendants have the burden of establishing that the removal is proper. *Id*. Any doubts regarding the right to removal must be resolved in favor of remand back to state court. *Matheson v. Progressive Specialty Insurance Company*, 319 F. 3d 1089, 1090 (9th Cir. 2003). Here, the Court finds that defendants have failed to conclusively demonstrate that Mr. Neal has been fraudulently joined as a defendant. Accordingly, plaintiffs' motion for remand is GRANTED, and this case is hereby REMANDED to the King County Superior Court, Cause No. 09-2-16564-5SEA.

ORDER GRANTING MOTION FOR
REMAND - 4

The Clerk shall close this file and send a certified copy of this Order to the Clerk of Court for the King County Superior Court.

Dated this 24th day of September, 2009.

*[signature]*
RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTION FOR
REMAND - 5